■ Brian Cannon, Respondent, v Ireland's Own, Inc., Doing Business as Ireland's Own Bar, et al., Appellants, et al., Defendant. [799 NYS2d 492]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered January 24, 2005, which, insofar as appealable, denied defendants' motion to renew a prior order, same court and Justice, entered August 18, 2004, denying their motion to vacate the default judgment entered against them, unanimously reversed, on the law and the facts, without costs, to grant renewal, and, upon renewal, the motion to vacate the default judgment granted upon condition that defendants' prior counsel pay plaintiff $250 within 10 days of service of a copy of this order with notice of entry, and, should he fail to do so, that defendants pay plaintiff $250 within 20 days of such service. Appeal from the order of August 18, 2004 unanimously

dismissed, without costs, as superseded by the appeal from the order of January 24, 2005.

Notwithstanding defendants' prior counsel's repeated failure to appear at court conferences and delay in moving to vacate the subject default judgment, the record tends to support his claim that his last nonappearance, the one that precipitated the order reinstating the prior default judgment against defendants, was due to his honestly held belief that he and opposing counsel had orally agreed to adjourn the conference from February 7 to March 21, not March 20. Persuasive in this regard is a written stipulation that prior counsel prepared, signed and forwarded to opposing counsel on February 6 adjourning the conference to March 21, and to which opposing counsel apparently did not respond. We note that while the court's "appearance detail" of the case shows that the matter was adjourned on March 20 to March 21, opposing counsel does not respond to prior counsel's representation that when the latter called the former on March 20 to discuss what he then believed was the next day's conference, he was told that the matter already had been finally disposed of earlier that day because of his nonappearance. Under the circumstances, a money sanction against prior counsel is a more appropriate penalty than a default judgment against his former clients. We note that plaintiff does not presently argue that defendants lack a meritorious defense. Concur—Saxe, J.P., Ellerin, Sweeny and Catterson, JJ.